# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 09-93 |
| | ) | Judge Nora Barry Fischer |
| DIRK LANIEL BARFIELD, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 4th day of February, 2013, upon consideration of Defendant Dirk Barkfield, Jr.'s *pro se* Petition filed on October 15, 2012 (Docket No. [38]), wherein he seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2), the "Supplement to Pro Se Motion Pursuant to 18 U.S.C. § 3582(c)(2) and Motion and Brief in Support of Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(B)," filed on November 29, 2012 by court-appointed counsel Michael J. Novara, First Assistant Public Defender, on Defendant's behalf (Docket No. [43]), and the "Government's Response in Opposition to Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and § 3582(c)(1)(B)" filed on January 3, 2013 (Docket No. [44]),

IT IS HEREBY ORDERED that Defendant's Motion [38] is DENIED. In so holding, the Court notes the following. Defendant and his appointed counsel raise the following three independent arguments in support of their request for a reduction of Defendant's sentence: (1) that a reduction is warranted under § 3582(c)(2) and the 2011 retroactive amendments to the crack cocaine guidelines; (2) that a reduction is warranted under § 3582(c)(1)(B) in light of the decision of the Supreme Court of the United States in *Dorsey v. United States*, --- U.S. ---, 132 S.Ct. 2321 (2012); and, (3) that a reduction is warranted based on Defendant's post-offense rehabilitation

1

under *Pepper v. United States*, -- U.S. --, 131 S.Ct. 1229 (2011). The Court will briefly address its reasons for rejecting each of these arguments, in turn.

First, Defendant is not eligible for a reduction of his sentence under § 3582(c)(2) and the 2011 retroactive amendments to the crack cocaine guidelines in light of the decisions of the United States Court of Appeals for the Third Circuit in *United States v. Berberena*, 694 F.3d 514 (3d Cir. 2012) and *United States v. Ware*, 694 F.3d 527 (3d Cir. 2012). To this end, *Berberena* and *Ware* hold that the amendments to Guideline § 1B1.10 are binding on district courts and expressly prevent this Court from reducing a sentence of a defendant such as Barfield, whose advisory guidelines range at sentencing was calculated based on the career offender guidelines (rather than the subsequently amended crack cocaine guidelines) and was also granted a variance from the advisory guidelines range at sentencing. *Id.* This Court has previously denied motions for sentencing reductions brought by defendants for the same reasons. *See e.g., United States v. Hilliard*, Cr. No. 05-175, 2012 WL 425968 (W.D. Pa. Feb. 9, 2012) (denying § 3583(c)(2) motion to defendant who was a career offender and granted downward departure at sentencing); *United States v. Patrick*, Cr. No. 09-81, Docket No. 46 (W.D. Pa. Sept. 25, 2012) (denying § 3582(c)(2) motion in light of *Berberena* and *Ware* because defendant was granted variance at sentencing). The instant defendant is likewise precluded from relief under § 3582(c)(2) and the cited amendments to the guidelines.

Further, even if the 2011 retroactive amendments to the crack cocaine guidelines authorized the Court to grant a reduction to Defendant, such a reduction would not be warranted in this case because the variance granted at Defendant's sentencing fully accounted for the crack-cocaine disparity that the retroactive crack cocaine guidelines were amended to correct. In this regard, Defendant was sentenced on November 18, 2009 to one hundred fifty-one (151)

months incarceration after the Court granted him a variance from the advisory guideline range of one hundred eighty-eight (188) to two hundred thirty-five (235) months, a calculation which was based on Defendant's classification as a career offender under Guideline § 4B1.1. (Docket No. 34). The Court set forth the reasons for the variance granted in Defendant's case in a Memorandum Order issued on November 20, 2009, as follows:

> 1. The Court adopts its Tentative Findings and Rulings (Docket No. 27) as its final findings and rulings on the advisory guideline range in this case. Therefore, pursuant to the U.S. Sentencing Guidelines, Chapter 5, Part A, based on a total offense level of 31 and a criminal history category of VI, the advisory guideline range for imprisonment is 188-235 months.
>
> 2. The Court grants the Defendant's motion for a variance from the advisory guideline range pursuant to 18 U.S.C. § 3553(a) to the extent that he relies on the disparity in guidelines sentences in crack and powder cocaine offenses, for the reasons stated more fully on the record.
>
> 3. The Court believes that the disparity in guidelines sentences in crack and powder cocaine offenses warrants a reduction of the Defendant's offense level by two (2) levels, to 29, however, as the Defendant is a career offender under Guideline § 4B1.1, there is no reduction in his criminal history category of VI, resulting in an advisory guidelines range to 151-188 months imprisonment. The Court notes that the resulting offense level and guideline range are equivalent to the applicable offense level and guideline range for a defendant who qualifies as a career offender under Guideline § 4B1.1(b)(D), i.e., a defendant who has been convicted of an offense which carries a statutory maximum penalty of 15 years or more, but less than 20 years. The Court further notes that a defendant convicted of possession of 7.1 grams of powder cocaine under 21 U.S.C. § 841(b)(1)(C) would be subject to a sentence of no more than 20 years under that statute, making applicable Guideline § 4B1.1(b)(D). No further reductions are warranted.
>
> 4. The Court denies the Defendant's motion for a variance to the extent that he argues that his age and/or the amount of crack cocaine (7.1 grams) involved in his offense warrants a further variance. However, the Court considered these factors, as well as all of the 18 U.S.C. § 3553(a) factors as applied to the Defendant's case, in determining the Defendant's sentence within the advisory guideline

> range of 151-188 months.
>
> 5. After considering all of the factors set forth in 18 U.S.C. § 3553(a), and for the reasons stated more fully on the record, the Court feels that a sentence of 151 months imprisonment is appropriate in this case.

(Docket No. 35). In his Supplement, Defendant's appointed counsel argues that the application of the 2011 retroactive amendments to the crack cocaine guidelines to Defendant's case would require the same calculations that the Court computed at Defendant's original sentencing to determine the extent of the variance which was granted and would result in the same recalculated advisory guidelines range, i.e., 151-188 months. (*See* Docket No. 43 at 3-6). Defendant was sentenced to the low end of this recalculated advisory guideline range at his initial sentencing. (Docket Nos. 34, 35). As such, no further reduction of Defendant's sentence would be warranted if he were eligible for such a reduction.

Second, the Court agrees with the Government that § 3582(c)(1)(B) is inapplicable to the case at bar because the Supreme Court and Court of Appeals for the Third Circuit have made clear that the Fair Sentencing Act ("FSA") does not apply to defendants such as Barfield who were sentenced before its effective date. *See Dorsey v. United States*, --- U.S. ---, 132 S.Ct. 2321, 2326 (2012) (holding that the new, more lenient mandatory minimum provisions of the FSA "apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3); *see also United States v. Turlington*, 696 F.3d 425, 428 (3d Cir. 2012) (*Dorsey* "does not address, or disturb, the basic principle that the FSA does not apply to those defendants who were both convicted and sentenced prior to the effective date of the FSA"). Further, Defendant has cited no binding authority for the proposition that § 3582(c)(1) and *Dorsey* may be used to award the requested reduction. (*See* Docket No. 43). Accordingly, Defendant is not entitled to a reduction of his sentence under § 3582(c)(1), which permits a court to modify a

4

sentence only "to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1).

Third, while the Court commends Defendant for his post-offense rehabilitation efforts, as is disclosed in his *pro se* motion and the attached letters, his motion must also be denied to the extent that he contends that he is entitled to a sentencing reduction for same under *Pepper v. United States*, --- U.S. ---, 131 S.Ct. 1229 (2010). In *Pepper*, the Supreme Court held that "*when a defendant's sentence has been set aside on appeal and his case remanded for resentencing*, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Id.* at 1241 (emphasis added). A proceeding under § 3582(c)(2) is limited to a consideration of a retroactive sentencing guideline amendment and is not a full *de novo* resentencing where additional evidence can be presented to the Court such as the proceeding contemplated in *Pepper*. *See Dillon v. U.S.*, ---U.S. ---, 130 S.Ct. 2683, 2691 (2010) (holding that § 3582(c) "shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."); *see also United States v. Bell*, Crim. No. 08-0059, 2012 WL 5504857, at *3 (W.D. Pa. Nov. 13, 2012) (Lancaster, C.J.) ("We can neither "vacate" a sentence, nor "re-sentence" a defendant in a 3582(c)(2) proceeding."). Therefore, even if Defendant were eligible for a reduction under § 3582(c)(2), which he is not, the Court would not be permitted to consider the Defendant's post-offense conduct to reduce his sentence. Further, as Defendant did not appeal the sentence which was imposed in this case on November 18, 2009,[1] the Court's Judgment and Defendant's sentence will not be reversed on appeal. Accordingly, the type of resentencing proceeding contemplated in *Pepper* during which the post-offense rehabilitation efforts by a defendant may be considered by the Court, i.e., a

---

[1] Indeed, Defendant waived the right to appeal his sentence as part of his plea agreement with the Government. (*See* Docket No. 21 at ¶ A.3.).

5

resentencing after a case is remanded to the district court, will not be convened in this case.

For these reason, Defendant's Motion [38] is DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf:	All counsel of record

Dirk Laniel Barfield, Jr. (USM # 03064-068) c/o Michael J. Novara, AFPD

Probation Office

U.S. Marshal

Designation & Sentence Computation Center
Federal Bureau of Prisons
346 Marine Forces Drive
Grand Prairie, TX 75051

United States Sentencing Commission
Attn: Document Control -Monitoring
One Columbus Circle, N.E., Suite 2-500
Washington, D.C. 20002-8002